IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03013-SKC-NRN

ISHMAEL PETTY,

Plaintiff,

v.

ANDRE MATEVOUSAIN [sic], Regional Director
ANDREW CIOLLI, Warden,
J. STURGILL, ADX Captain,
D. LAZARIAK, Unit Manager, and
P. CILDRESS, Case Manager,

Defendants.

## ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY (ECF No. 71)

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order (ECF No. 72) referring the subject motion (ECF No. 71) issued by Judge S. Kato Crews on July 17, 2024. Now before the Court is Defendants Andre Matevousian, Andrew Ciolli, J. Sturgill, D. Lazariuk, and P. Childress's Motion to Stay Discovery (ECF No. 71). The Court has carefully considered the motion, Plaintiff Ishmael Petty's response (ECF No. 78), and Defendants' reply (ECF No. 82). The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see also Vivid Techs., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a

2

particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). The Supreme Court has established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id.* at 643-44.

When considering a stay of discovery, this Court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Here, Defendants seek to stay all discovery pending resolution of their Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 67). Defendants argue that a stay of discovery should be ordered based on their pending motion to dismiss which

3

alleges, among other things, that Defendants are entitled to qualified immunity (*see id.* at 13–24). They further argue that the *String Cheese* factors favor a stay.

The Court held a Status Conference on July 18, 2024 at which Plaintiff's counsel requested no discovery other than Mr. Petty's Bureau of Prison ("BOP") inmate file. The Court ordered the parties to file a Status Report informing the Court regarding their positions on this matter. In the Status Report (ECF No. 74), the BOP offered to produce non-exempt portions of Plaintiff's Central File, but Plaintiff insisted that he is entitled to all his BOP records. In his response to the subject motion (ECF No. 78), Plaintiff reiterates that he does not object to a stay except that he wants all BOP "records in which Ishmael Petty's name appears and an outline of all videos in their possession in which Ishmael Petty is depicted." Defendants maintain that they should not be compelled to provide materials that are sensitive and raise security issues.

As stated above, Defendants raise qualified immunity as a defense in their pending motion to dismiss. The case is still in the early stages of litigation; Defendants responded to Plaintiff's operative complaint with the pending motion to dismiss that could fully dispose of Plaintiff's claims before engaging in the discovery process. A balance of the above factors favors a stay in this matter, except for the non-exempt portions of Plaintiff's Central File, which Defendants have offered to produce to Plaintiff. Most significantly, the Court finds that the interest of Plaintiff to proceed expeditiously is outweighed by the burden on Defendants of having to participate in discovery while a motion to dismiss that argues that they are immune to suit is pending. Further, while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that

4

could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). Finally, the Court finds that the interests of non-parties and the public interest do not greatly favor one side.

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Stay Discovery Pending Resolution of Dispositive Motion (ECF No. 71) is GRANTED as follows. The BOP shall disclose to Plaintiff all non-exempt portions of his Central File within seven days of this Order. All other discovery is STAYED until after Judge Crews issues a final ruling on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 67) or until further Order of Court.

BY THE COURT

Date:  September 25, 2024        s/ N. Reid Neureiter
       Denver, Colorado           N. Reid Neureiter
                                  United States Magistrate Judge