IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03013-SKC-NRN

ISHMAEL PETTY,

    Plaintiff,

v.

ANDRE MATEVOUSAIN [sic], Regional Director
ANDREW CIOLLI, Warden,
J. STURGILL, ADX Captain,
D. LAZARIAK, Unit Manager, and
P. CILDRESS, Case Manager,

    Defendants.

---

**ORDER ON DEFENDANTS' MOTION FOR A 60-DAY STAY OF THE CIVIL CASE
AND TO VACATE THE SCHEDULING CONFERENCE SET FOR MAY 29, 2026
(ECF No. 114)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order (ECF No. 116) referring the subject motion (ECF No. 114) issued by Judge S. Kato Crews on May 26, 2026. Now before the Court is Defendants Andre Matevousian, Andrew Ciolli, J. Sturgill, D. Lazariuk, and P. Childress's ("Defendants") Motion for a 60-Day Stay of the Civil Case and to Vacate the Scheduling Conference set for May 29, 2026 ("Motion to Stay") (ECF No. 71). The Court has carefully considered the motion and Plaintiff Ishmael Petty's response (ECF No. 114). The Court heard argument on May 29, 2026. Now, having taken judicial notice of the Court's file and considering the applicable Federal Rules of

Civil Procedure and case law, the Court makes the following findings of fact,
conclusions of law, and order.

Plaintiff is housed in an area of U.S. Penitentiary - Administrative Maximum
("ADX") called "Range 13" made of "four solitary confinement" cells. ECF No. 55, ¶¶ 45,
49. He alleges that "Range 13 is the most restricted and segregated area in the ADX"
and is "used by the warden to temporarily isolate prisoners who are being disruptive
elsewhere within the ADX." *Id*. ¶ 52. The specific cell Plaintiff is in "is probably the most
restrictive and isolated prison cell in the United States." *Id*. ¶ 62. Plaintiff has been on
Range 13 since October 2017. The single remaining claim in this civil case is for
injunctive relief under the Fifth Amendment Due Process Clause asking that Plaintiff be
given meaningful review of his confinement on Range 13 and provided criteria or
guidance on how he may be able to get off Range 13. *See* ECF No. 100 (Order of
Judge Crews granting in part and denying part Defendants' motion to dismiss).

Mr. Petty is also the defendant in a capital criminal case. He is charged with
killing a fellow inmate on Range 13. There can be no dispute that that incident (i.e., the
very subject of the criminal case) is relevant to the liberty interest and due process
components of Plaintiff's civil claim, where he challenges the lack of any meaningful
process to dispute his continued placement on Range 13.

Defendants seek a further stay of discovery in this civil for 60 days for two
reasons. First, they note that Plaintiff's status as a defendant in a capital criminal case
justifies a further stay. Given that this case concerns Plaintiff's conditions of
confinement on ADX's highly restricted "Range 13," where the alleged murder
happened, Defendants contend that permitting civil discovery will necessarily lead to

complications, including Plaintiff asserting his Fifth Amendment rights in response to Defendants' discovery requests, and Plaintiff inappropriately using civil discovery as a tool to aid his defense in the criminal case. Second, Defendants state that they are in the process of modifying and implementing housing-review procedures for Plaintiff which may moot his sole procedural due process claim.

Plaintiff objects to any further stay. He notes that this lawsuit was filed in November 2023 and Defendants have sought to stay discovery three times. He insists that he is entitled to a prompt adjudication of his due process rights, especially given the brutal conditions on Range 13. Although there is some merit to Defendants' arguments about the complexities that will necessarily arise from the overlap between the criminal case (and the potentially mitigating aspects of Plaintiff's confinement) and the civil case, this case needs to proceed.

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights" *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted); *see also Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity") (citations and internal quotations omitted). "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. . . . A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (citations omitted). "A district court may also stay a civil proceeding in deference

3

to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id*. at 1080–81.

Courts in this District typically consider six factors when determining whether to stay a case in light of pending criminal matters: (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal case, including whether there has been an indictment; (3) the interests of and prejudice to the plaintiff; (4) the interests of and burden on the defendant; (5) the interest of the court; and (6) the public interest. *See Davis v. United States*, No. 20-cv-01348-CMA-NYW, 2020 WL 6206292, at *2 (D. Colo. Sept. 28, 2020), *report and recommendation adopted*, No. 20-CV-01348-CMA-NYW, 2020 WL 6204258 (D. Colo. Oct. 22, 2020); *Hartford Life & Accident Ins. Co. v. Nickal*, No. 17-cv-02556-MJW, 2018 WL 1173150, at *2 (D. Colo. Mar. 6, 2018).

Considering these factors, the Court finds that a further stay of discovery is not warranted.

First, the Court finds that there is some overlap between the civil and criminal cases. However, the scope of this lawsuit is fairly narrow; it concerns only Plaintiff's Fifth Amendment claim for injunctive relief as to the lack of meaningful review of his conditions of confinement on Range 13. And temporally, the criminal case deals with a death that occurred in 2020, more than three years before this lawsuit was filed, which alleges that Plaintiff's *present* confinement, or at least his present inability to challenge the circumstances of that confinement, is unconstitutional. On the other hand, the Court acknowledges that Plaintiff's alleged murder of a fellow inmate housed on Range 13 is

relevant to whether Defendants have a legitimate penological interest in Plaintiff's continued placement in that unit. This factor does not strongly favor either side.

Second, the criminal case is progressing but, as a capital case, will likely proceed slowly. No trial has been set, and Speedy Trial Act requirements have been tolled. Most significantly, Plaintiff is represented by able counsel in both proceedings who will be able to protect his Fifth Amendment rights. This factor weighs slightly against a stay.

Third, Plaintiff has a strong interest in avoiding a further stay and proceeding expeditiously with his case. He alleges that he has lived in almost complete isolation on Range 13 since 2017—more than 1,000 days—even though he has not committed any recent offense that would justify this placement. He claims that this has had—and continues to have—an extremely deleterious effect on his mental health. Defendants counter that Plaintiff will suffer no prejudice if discovery is stayed for a short additional time in light of the changes being made to his housing reviews. However, it is impossible to say whether these changes will satisfy due process requirements until they are implemented. It is also impossible to say with any certainty when these changes may be implemented. Defense counsel could provide no assurances as to when the BOP would approve or implement any changes to Plaintiffs' ability to challenge his placement on Range 13. This factor weighs heavily against a stay.

Fourth, the Court finds that any burden on Defendant is outweighed by the above prejudice to Plaintiff. As to Defendants' contention that the discovery will be "one-sided," first, the Court agrees with Plaintiff that this concern is speculative, and second, the Tenth Circuit "affirms that a [party] has no right not to choose between testifying in a civil matter or invoking his/her Fifth Amendment rights." *Brancato v. Panio*, No. 12-cv-

02338-MSK-MEH, 2012 WL 6137472, at *2 (D. Colo. Dec. 7, 2012). If Plaintiff chooses to assert his Fifth Amendment rights in this litigation, Defendants can use it at against him. Moreover, to the extent that Defendants feel that Plaintiff is using civil discovery to obtain evidence denied to him in his criminal case, they can utilize this Court's discovery dispute procedures and obtain a prompt ruling. The Court can address any "complexities" in connection with specific discovery requests or requested depositions as they arise. This factor weighs against a stay.

Finally, proceeding with discovery promotes the Court's interest in efficiently managing its docket. Likewise, the public interest lies in speedy court proceedings. Thus, the third and fourth factors weigh against a stay.

WHEREFORE, for the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Stay (ECF No. 114) is DENIED.

BY THE COURT

Date:  May 29, 2026
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge

6